**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

(1)    VIRGIL BETTERTON,

       Plaintiff,

vs.

Case No. <u>  CIV-22-238-SLP     </u>

(1)    WORLD ACCEPTANCE
      CORPORATION and

(2)    WORLD ACCEPTANCE
      CORPORATION OF
      OKLAHOMA, INC. d/b/a
      WORLD FINANCE
      CORPORATION,

       Defendants.

## <u>NOTICE OF REMOVAL</u>

TO: THE CLERK OF THE ABOVE-TITLED COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that Defendants, as named or designated by Plaintiff in his Petition as World Acceptance Corporation and World Acceptance Corporation of Oklahoma, Inc. d/b/a World Finance Corporation ("<u>World Acceptance of Oklahoma</u>"), remove this action from the District Court of Cleveland County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma under 28 U.S.C. §§ 1331 and 1441(a). Defendants remove this case on the grounds that this Court has original jurisdiction over the issues involving a federal question. Defendants' Notice of Removal is based upon and supported by the following.

## Background

1.      On April 29, 2021, Plaintiff filed this civil action against Defendants in the District Court of Cleveland County, State of Oklahoma, Case No. CJ–2021–417 (the "State Court Action"). Under 28 U.S.C. § 1446(a) and LCvR81.2, the docket sheet and a true and correct copy of all process, pleadings, and orders served upon Defendant in the State Court Action are attached to this Notice of Removal as Exhibits 1–29.

2.      In his Petition, Plaintiff purports to assert a single claim for intentional infliction of emotional distress based on the termination of his employment. (Ex. 1, Pet., at ¶¶ 6–8, 17–18). In his Petition, Plaintiff also alleged the following:

> In the event any Defendant seeks to remove this case and/or claims that any federal claim or question is raised by this Petition or any other paper, Plaintiff expressly disavows any such federal claim or question as being part of this lawsuit. Plaintiff's claim is based on the common law tort of intentional infliction of emotional distress under Oklahoma State law. Plaintiff seeks no recovery or damages under any other theory or claim.

(Ex. 1, Pet., at ¶ 25).

3.      Thereafter, Plaintiff continued to represent that his claim "is not based upon any denial of health-insurance benefits or termination of coverage," that "this case is not about denied benefits," that this case is "not about the termination of benefits under an ERISA plan," and that his claim "has nothing to do with his employer's health insurance." (Ex. 8, Resp. to Mot. to Dismiss, at 9–11).

4.      On February 9, 2022, Defendants issued discovery requests to Plaintiff, which asked Plaintiff to confirm his prior representations that his claim was based solely upon the termination of his employment and not based on any issues that would implicate

federal law, such as interference with employer-sponsored health insurance governed by ERISA. (Ex. 30, Def. World Acceptance of Oklahoma's 2d Set of Disc. Reqs. to Pl., Virgil Betterton). But, in contradiction to his prior representations, Plaintiff refused to admit or deny whether his claim was based on any allegations related to Defendants' employer-sponsored health insurance plan governed by ERISA. (Ex. 31, Pl.'s Resps. to Def. World Acceptance Corp. of Oklahoma, Inc.'s 2d Set of Disc. Reqs.). In relevant part, Plaintiff responded as follows:

> **REQUEST FOR ADMISSION NO. 7:** Admit that your claim for intentional infliction of emotional distress is not predicated on a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the amendments to ERISA contained in the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") and as otherwise amended, including any allegation that "Defendants lied to [you] and coerced [you] to find other health insurance … , stating [you] were not eligible for COBRA benefits or any other continued health coverage through Defendants."

> **RESPONSE:** Objection. The request is not a proper request for admission pursuant to 12 O.S. § 3236; the request calls for a legal conclusion and seeks the mental impressions of counsel. Without waiving the objection, see Plaintiff's Petition.

> **REQUEST FOR ADMISSION NO. 8:** Admit that you have not asserted a claim under ERISA (i.e., to include COBRA) in this Action.

> **RESPONSE:** Objection. The request is not a proper request for admission pursuant to 12 O.S. § 3236; the request calls for a legal conclusion and seeks the mental impressions of counsel. Without waiving the objection, see Plaintiff's Petition.

> * * *

> **REQUEST FOR ADMISSION NO. 13:** Admit that your claim for intentional infliction of emotional distress is not predicated upon Defendants' alleged termination of your employment for the purpose of avoiding payment of your cancer treatments under Defendants' health benefit plan.

> **RESPONSE:** Objection. The request is not a proper request for admission pursuant to 12 O.S. § 3236; the request calls for a legal conclusion and seeks the mental impressions of counsel. Without waiving the objection, see Plaintiff's Petition.

3

**REQUEST FOR ADMISSION NO. 14:** Admit that your claim for intentional infliction of emotional distress is not predicated on Defendants' alleged retaliation for the exercise of your rights to participate in and receive benefits from Defendants' health benefit plan.

**RESPONSE:** Objection. The request is not a proper request for admission pursuant to 12 O.S. § 3236; the request calls for a legal conclusion and seeks the mental impressions of counsel. Without waiving the objection, see Plaintiff's Petition.

**REQUEST FOR ADMISSION NO. 15:** Admit that your claim for intentional infliction of emotional distress is not predicated on Defendants' alleged interference with your rights to participate in and receive benefits from Defendants' health benefit plan.

**RESPONSE:** Objection. The request is not a proper request for admission pursuant to 12 O.S. § 3236; the request calls for a legal conclusion and seeks the mental impressions of counsel. Without waiving the objection, see Plaintiff's Petition.

*Id.* at 3–5.

5.     Thereafter, on March 14, 2022, Plaintiff directly contradicted his prior representation that his claim "has nothing to do with his employer's health insurance" by testifying in his deposition that his claim for intentional infliction of emotional distress was based not only on his termination, but also on alleged interference with this employer-sponsored health insurance. Among other things, Plaintiff testified, "[T]o fire me *and leave me without insurance* and right in the middle of everything that was going on, did it hurt me? Yeah, it crushed me." (Ex. 32, Dep. V. Betterton, at 93:3–5) (emphasis added).

6.     On March 15, 2022, the parties appeared at a hearing before the District Court of Cleveland County. At this hearing, in contradiction to Plaintiff's prior "disavow[al]"of "any … federal claim or question" and Plaintiff's representations that his claim "has nothing to do with his employer's health insurance," Plaintiff's counsel again

refused to confirm that Plaintiff's claim for intentional infliction of emotional distress was

<u>not</u> based on any alleged interference with his employer-sponsored health insurance.[1]

## **Grounds for Federal Question Jurisdiction**

7.     This action is removable to this Court pursuant to 28 U.S.C. § 1441 because Plaintiff alleges rights that relate to an employee welfare benefit plan, specifically a medical benefit plan, subject to the provisions of the Employee Retirement Income Security Act of 1974 ("<u>ERISA</u>"), as amended, 29 U.S.C. § 1001, *et seq.*  This court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132 (ERISA) and 28 U.S.C. § 1331 (Federal Question Jurisdiction).

8.     As alleged in the Petition, World Acceptance of Oklahoma employed the Plaintiff. (Ex. 1, Pet., at ¶ 2). Although Plaintiff alleged in the "Factual Background" of his Petition that his separation occurred following a "medical leave beginning November 9" and that Defendants "stat[ed] that [Plaintiff] was not eligible for COBRA benefits or any other continued health coverage through Defendants," Plaintiff represented that the basis for his claim for intentional infliction of emotional distress was the termination of his employment, to the exclusion of any claim for intentional infliction of emotional distress based on interference with or retaliation for exercising rights under the FMLA or ERISA. In particular, Plaintiff alleged that he was "*fired* because he had cancer," that his "*termination* was physically and emotionally devastating to him," and that "[a]s a *result of*

---

[1] Defendants have ordered the transcript of this hearing, but have not yet received a copy.

*being terminated*, [he] … sustained severe emotional distress and worry." (Ex. 1, Pet., at ¶¶ 6–8).

9.     In the section of his Petition entitled "Count I: Intentional Infliction of Emotional Distress," which set out the allegations upon which Plaintiff predicated his claim for intentional infliction of emotional distress, Plaintiff similarly represented a limited predicate for his claim to his termination of employment. In particular, Plaintiff based his claim for intentional infliction of emotional distress on the allegations that Defendants "intentionally *fired* [him] because he was diagnosed with cancer" and that Defendants "intentionally violated [its] own policies and procedures by *terminating* [him]." (Ex. 1, Pet., at ¶¶ 17–18) (emphasis added). Moreover, as noted above, Plaintiff expressly "disavow[ed] any … federal claim or question as being part of this lawsuit." (Ex. 1, Pet., at ¶ 25).

10.    In the discovery process, communications and statements by Plaintiff and his counsel began to be inconsistent and equivocal with respect to Plaintiff's prior representations regarding his claim. Because of this, Defendants commenced particular discovery to confirm the representations previously made about the limited scope of Plaintiff's claim. On February 22, 2022, Plaintiff refused to admit or deny whether, consistent with his Petition, his claim for intentional infliction of emotional distress was <u>not</u> predicated on the interference with his rights under Defendants' employer-sponsored health insurance plan governed by ERISA. (Ex. 31, Pl.'s Resps. to Def. World Acceptance Corp. of Oklahoma, Inc.'s 2d Set of Disc. Reqs.).

11.     On March 14, 2022, Plaintiff testified in his deposition that his claim for intentional infliction of emotional distress was based not only on his termination, but also on alleged interference with this employer-sponsored health insurance. (Ex. 32, Dep. V. Betterton, at 93:3–5)

12.     On March 15, 2022, at a hearing before The Honorable Michael Tupper, District Judge for Cleveland County, Oklahoma, Plaintiff's counsel again refused to confirm that, consistent with the Petition, Plaintiff's claim for intentional infliction of emotional distress was <u>not</u> predicated on the alleged interference with Plaintiff's rights under Defendants' employer-sponsored health insurance plan governed by ERISA.

13.     The health insurance benefits provided by Defendants constitute an employee welfare benefit plan that is governed by ERISA. *See* 29 U.S.C. §§ 1002(1), 1003(a); (Ex. 33, Decl. V. Herron).

14.     ERISA contains a broad preemption provision, and its provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

15.     For the purposes of ERISA preemption, a state law "relates to" an employee benefit plan if it has a "connection with" or a "reference to" such a plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987); *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985). Stated differently, if Plaintiff's purported state law claim "relates to" or has some "connection with" an ERISA plan, his remedies are limited to the civil enforcement provision set forth in ERISA, 29 U.S.C. § 1132(a). *See also Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 509 (10th Cir. 1991) (holding that wrongful death tort claim

7

was preempted to the extent that the claim related to an employee benefit plan covered by ERISA); *Smith v. N. Oklahoma Cty. Mental Health Care Ctr., Inc.*, No. CIV-07-1425-R, 2008 WL 11337875, at *7 (W.D. Okla. Sept. 23, 2008) (holding that claim for intentional infliction of emotional distress was preempted "to the extent that claim [was] predicated on Defendant's interference with or retaliation for Plaintiff's exercise of ERISA rights").

16.     ERISA preemption may also be "complete" preemption that results not merely in preemption of the state law claim but also in conferral of original jurisdiction on the federal court, as the state law claim is converted into one stating a federal law cause of action. *E.g.*, *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–67 (1987); *Kramer v. Smith Barney*, 80 F.3d 1080, 1082–83 (5th Cir. 1996). "Complete preemption" occurs whenever the claim "falls within the scope of the civil enforcement provisions of ERISA § 502(a)." *E.g.*, *Kramer*, 80 F.3d at 1083; *Anderson v. Electronic Data Systems Corp.*, 11 F.3d 1311, 1315 (5th Cir. 1994).

17.     The doctrine of complete preemption supports the removal to federal court of state law claims that are completely preempted by ERISA's civil enforcement provision. *E.g.*, *David P. Coldesina, D.D.S. v. Est. of Simper*, 407 F.3d 1126, 1137 (10th Cir. 2005); *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322–23 (6th Cir. 2005); *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 425 (4th Cir. 2003).

18.     In contradiction to his prior representations, Plaintiff has recently alleged that Defendants' interference with his attainment of health insurance benefits by terminating him or instructing him to enroll in other insurance amounted to intentional infliction of emotional distress.

19.    Although Plaintiff pleaded his claim as a claim for intentional infliction of emotional distress, to the extent that Plaintiff has now contradicted his prior "disavow[al]"of "any … federal claim or question" and  representations that his claim "has nothing to do with his employer's health insurance," Plaintiff's allegations actually sound in a violation of § 510 of ERISA, which declares that it is unlawful "to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan … or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan … ."  29 U.S.C. § 1140.

20.    Claims under § 510 of ERISA are enforced through the civil enforcement provisions of ERISA § 502(a). 29 U.S.C. §§ 1140, 1132(a). Section 510 claims thus fall within the "complete preemption" doctrine, thereby conferring original jurisdiction on a federal court. *E.g.*, *Ingersoll-Rand Co. v McClendon,* 498 U.S. 133, 142–45 (1990); *Anderson*, 11 F.3d at 1315; 29 U.S.C. §§ 1132, 1140. Further, to the extent that Plaintiff's claim for intentional infliction of emotional distress is based on any alleged failure to provide notice of COBRA coverage, such a claim is also enforced through ERISA § 502(a). *See, e.g.*, *Armiger v. Kiewit Const. Co.*, No. C 10-00271 WHA, 2010 WL 1239554, at *4 (N.D. Cal. Mar. 26, 2010) ("[F]ailure to provide … notice under COBRA is expressly encompassed by the civil enforcement provisions of Section 502(a)"); *Hamilton v. Mecca, Inc.*, 930 F. Supp. 1540, 1554 (S.D. Ga. 1996) (holding that "failing to provide … notice of … rights under COBRA is governed by ERISA § 502(a)").

21.     By alleging that Defendants interfered with his attainment of health insurance benefits by terminating him or instructing him to enroll in another health insurance plan, Plaintiff has asserted claims that are "necessarily federal" in character under the doctrine of complete preemption under ERISA. To the extent that Plaintiff has now contradicted his prior "disavow[al]"of "any … federal claim or question" and representations that his claim "has nothing to do with his employer's health insurance,"Plaintiff's claims are completely preempted by ERISA and therefore federal and removable regardless of artful pleading, in this case the artful attempts to characterize Plaintiff's case as a state-law action for intentional infliction of emotional distress.

## **Defendant's Notice of Removal is Timely Filed**

22.     This Notice of Removal is being filed within thirty days after Defendants' first receipt of "other paper from which it may first be ascertained that the case is one which is or has become removable" and is timely filed under 28 U.S.C. § 1446(b). Specifically, this Notice of Removal is being filed with 30 days of Plaintiff's refusal to admit or deny in discovery responses whether his claim for intentional infliction of emotional distress is based on the interference with any rights under Defendants' employer-sponsored health insurance plan and Plaintiff's deposition testimony that his claim for intentional infliction of emotional distress is based not only on his termination, but also on alleged interference with this employer-sponsored health insurance, which contradicted Plaintiff's prior "disavow[al]"of "any … federal claim or question" and  representations that his claim "has nothing to do with his employer's health insurance."

23.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a Notice of Filing of Notice of Removal with the Court Clerk for the District Court of Cleveland County, State of Oklahoma, with a copy to be served on Plaintiff's counsel. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit 34.

24.     By removing this action to this Court, Defendants do not waive any defenses, objections or motions available to them under state and federal law.

WHEREFORE, Defendants, World Acceptance Corporation and World Acceptance Corporation of Oklahoma, Inc. d/b/a World Finance Corporation, pursuant to 28 U.S.C. §§ 1441 and 1446 respectfully submit, based upon the allegations set forth in this Notice of Removal, that this action is properly removed and requests that this Court retain jurisdiction over this action.

Respectfully submitted,


s/Brandon D. Kemp
Victor F. Albert, OBA #12069
Brandon D. Kemp, OBA #31611
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
The Heritage Building
621 N. Robinson Ave., Ste. 400
Oklahoma City, OK 73102
Telephone: (405) 546-3774
Facsimile:  (405) 546-3775
victor.albert@ogletree.com
brandon.kemp@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Flinging to the following:

Reggie N. Whitten
Michael Burrage
J. Revell Parrish
Jesse S. Ogle
WHITTEN BURRAGE
512 N. Broadway Ave., Ste. 300
Oklahoma City, OK 73102

Woodrow K. Glass
WARD & GLASS, LLP
1601 36th Ave. N.W.
Norman, OK 73072

Noble McIntyre
Jeremy A. Thurman
MCINTYRE LAW, P.C.
8601 S. Western Ave.
Oklahoma City, OK 73139

s/Brandon D. Kemp
Brandon D. Kemp