# EXHIBIT 1



### IN THE DISTRICT COURT OF CLEVELAND COUNTY
### STATE OF OKLAHOMA

| | |
|---|---|
| VIRGIL BETTERTON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CJ-21-417 (T) |
| WORLD ACCEPTANCE CORPORATION, WORLD ACCEPTANCE CORPORATION OF OKLAHOMA, INC., d/b/a WORLD FINANCE CORPORATION. | ) |
| Defendant. | ) |

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY

FILED
APR 29 2021

In the office of the
Court Clerk MARILYN WILLIAMS

### PETITION

Plaintiff Virgil Betterton, and for his claims against Defendant World Acceptance Corporation and World Acceptance Corporation of Oklahoma, Inc., d/b/a World Finance Corporation, alleges and states as follows:

### JURISDICTION AND VENUE

1. Virgil Betterton ("Plaintiff") is a citizen of the State of Oklahoma and a resident of Murray County, Oklahoma.

2. Defendant World Acceptance Corporation ("World Acceptance") is a foreign, for-profit corporation incorporated in the State of South Carolina.

3. Defendant World Acceptance Corporation of Oklahoma, Inc., d/b/a World Finance Corporation ("World Acceptance of Oklahoma), is a domestic, for profit Corporation incorporated in the State of Oklahoma.

4. Defendant World Acceptance of Oklahoma has agencies located throughout the state of Oklahoma, including two agencies located in Cleveland County.

5. Venue is proper in Cleveland County pursuant to 12 O.S. § 137.

## FACTUAL BACKGROUND

1. Plaintiff was employed by World Acceptance of Oklahoma for more than twenty-six years. He was a supervisor for the previous eleven years.

2. Plaintiff was a W-2 employee of World Acceptance of Oklahoma.

3. Throughout Plaintiff's tenure at World Acceptance of Oklahoma, he earned numerous awards and accolades for his performance. For example, when he reached his twenty-fifth year with World Acceptance of Oklahoma, he was provided Plaintiff with a plaque for his "dedication and high performance [which] helped develop a company of which [World Acceptance] can be proud." Both World Acceptance and World Acceptance of Oklahoma further recognized Plaintiff's "many contributions" to the company.

4. On or about November 4, 2020, Plaintiff was diagnosed with cancer.

5. Plaintiff informed Defendants of his diagnosis and went on medical leave beginning November 9.

6. On March 18, 2021, Plaintiff was told he was being fired because he had cancer and that his termination would make Defendants' plans for realignment easier on the company. The individuals known at this time involved in the decision to fire Plaintiff because he had cancer are Rodney Owen, an employee of World Acceptance of Oklahoma, Jodiannah Rish, Benefits Specialist for World Acceptance, Victoria Herron, Benefits & Payroll Manager for World Acceptance, and Bianca Richardson, an employee of World Acceptance.

7. On March 19, 2021, Jodiannah Rish, Benefits Specialist for World Acceptance, wrote Plaintiff a letter and advised he was being terminated effective March 18, 2021 but that he was eligible for rehire and welcomed him to reapply once he is able to work. In other words, Defendants acknowledged Plaintiff was being fired because he had cancer.

8. Plaintiff's termination was physically and emotionally devastating to him.

9. As a result of being terminated, Plaintiff has sustained severe emotional distress and worry.

10. Defendants lied to Plaintiff and coerced him to find other health insurance by the end of March 2021, stating he was not eligible for COBRA benefits or any other continued health coverage through Defendants.

11. Plaintiff was initially approved for out-of-state treatment at MD Anderson Cancer Center under the health insurance he had through Defendants.

12. However, due to Defendants' misrepresentation and deception, Plaintiff enrolled on his wife's health insurance plan.

13. After driving to Houston, Texas to seek treatment at MD Anderson Cancer Center, Plaintiff was told his wife's health insurance plan would not cover the costs out-of-state cancer treatments.

14. If Defendants allowed Plaintiff to retain his health insurance to which he was entitled he could receive cancer treatment from MD Anderson Cancer Center.

15. Due to Defendants' misrepresentations, Plaintiff's cancer treatment was unnecessarily delayed.

**COUNT I: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

16. Plaintiff fully incorporates each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein.

17. Defendants intentionally fired Virgil because he was diagnosed with cancer.

18. Defendants intentionally violated their own policies and procedures by terminating Plaintiff.

3

19. Defendants knew Plaintiff was physically and emotionally fragile after being diagnosed with terminal cancer and would face severe stress and worry from being terminated.

20. Just as any reasonable person in a civilized society would also feel, Plaintiff was severely distressed when forced to confront the thought of not receiving potentially life-saving treatment, or the delay of such treatment, especially since any delay to those treatments would potentially impact Plaintiff's chances of survival.

21. Oklahoma Uniform Jury Instruction § 20.1 provides as follows:

> For [Plaintiff] to recover from [Defendant] on [his/her] claim for intentional infliction of emotional distress, [he/she] must prove by the greater weight of the evidence that:
> 1. [Defendant's] actions in the setting in which they occurred were so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society; and
> 2. [Defendant] intentionally or recklessly caused severe emotional distress to [Plaintiff] beyond that which a reasonable person could be expected to endure

22. Defendants' actions in the setting in which they occurred were so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society; and

23. Defendants intentionally or recklessly caused severe emotional distress to Plaintiff beyond that which a reasonable person could be expected to endure.

24. As a result of Defendants' wrongful conduct, Plaintiff sustained financial losses, physical, mental, and emotional distress and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs, and interest.

25. In the event any Defendant seeks to remove this case and/or claims that any federal claim or question is raised by this Petition or any other paper, Plaintiff expressly disavows any such federal claim or question as being part of this lawsuit. Plaintiff's claim is based on the

common law tort of intentional infliction of emotional distress under Oklahoma State law. Plaintiff seeks no recovery or damages under any other theory or claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment in his favor against Defendants in an amount in excess of Seventy-Five Thousand dollars ($75,000.00), together with costs, interest, reasonable attorney fees, and other relief that this Court deems just, equitable and proper.

Respectfully submitted,

*/s/*

Reggie N. Whitten, OBA #9576
Michael Burrage, OBA #1350
J. Revell Parrish, OBA #30205
Jesse S. Ogle, OBA #34275
WHITTEN BURRAGE
512 North Broadway Avenue, Suite 300
Oklahoma City, OK  73102
Telephone:   (405) 516-7800
Facsimile:    (405) 516-7859
Emails:         rwhitten@whittenburragelaw.com
                    mburrage@whittenburragelaw.com
                    rparrish@whittenburragelaw.com
                    jogle@whittenburragelaw.com

– and –

Noble McIntyre, OBA #16359
Jeremy A. Thurman, OBA #19586
MCINTYRE LAW, P.C.
8601 South Western Avenue
Oklahoma City, OK  73139
Telephone:   (405) 917-5250
Facsimile:    (405) 917-5405
Emails:         noble@mcintyrelaw.com
**ATTORNEYS FOR PLAINTIFF**

**ATTORNEYS' LIEN CLAIMED.**
**JURY TRIAL DEMANDED.**

5